```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GEORGE TOBIAS, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | CIVIL NO. 03-1915 (JBS) |
| v. | **OPINION** |
| CITY OF CAMDEN, et al., | |
| Defendants. | |

APPEARANCES:

Rocco C. Cipparone, Esquire
ROCCO C. CIPPARONE, JR. LAW OFFICES
203-205 Black Horse Pike
Haddon Heights, New Jersey 08035
    Attorney for Plaintiffs

Thomas J. Bradley, Esquire
McBREEN, McBREEN & KOPKO
110 Summit Avenue
Montvale, New Jersey 07645
    Attorney for Defendant Central Parking System, Inc. d/b/a
    Kinney Systems

**SIMANDLE**, U.S. District Judge:

    This is the motion by Defendant Central Parking System, Inc. d/b/a Kinney Systems ("Central Parking" or "Central Parking Defendants") to dismiss the second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiffs can not successfully maintain a claim against Defendant Central Parking on a theory of negligence arising out of Central Parking's failure to protect Plaintiffs from the allegedly violent propensities of the City of Camden Police

Department and its officers, the motion will be granted.[1]

**I.   BACKGROUND**

This case arises from injuries sustained by Plaintiffs after being subdued by City of Camden police officers in connection with a fight that occurred in parking lot 6A of Camden's Tweeter Center, following a concert on the evening of May 31, 2002. According to Plaintiffs, Central Parking "performed, provided or arranged to be performed, parking related services at/near the Tweeter Center" on the night in question.  (Second Amended Compl. at ¶ 15.)  Central Parking is not the landlord of those lots and has no ownership interest in the Tweeter Center.  (Opposition Br. at 12.)

Plaintiffs maintain that they were not participants in the May 31 fight, nor were they injured in any way as a direct result of that scuffle.  Rather, the only injuries for which Plaintiffs seek compensation are those allegedly suffered at the hands of certain Camden Police officers summoned to break up the fight.

---

[1] By Order dated November 10, 2004, the Court permitted Plaintiffs an additional 45 days to "obtain further discovery regarding particularly the status of the [parking] lot and of the police officers involved."  [Docket Item 50.]  The Court further instructed Plaintiffs to submit a supplemental response by December 23, 2004 and to specify therein whether the instant motion should proceed based upon the present pleadings or whether Plaintiffs were seeking to further amend the second amended complaint.  To date, Plaintiffs have made not made any such supplemental submission nor indicated to the Court any intent to further amend the pleadings.  Accordingly, the Court's treatment of Defendant's motion is based upon the present pleadings.

Plaintiffs filed this § 1983 cause of action and supplemental state law claims seeking economic and punitive damages for those injuries. Central Parking subsequently filed this motion to dismiss.[2]

## II.  RULE 12(b)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Corp. v. Exxon Co., U.S.A., 761 F.Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F.Supp. 254, 260 (D.N.J. 1990). Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d

---

[2] Plaintiffs oppose the instant motion only as to Count K. (See Pls. Br. at 6-7.) That claim alleges that Central Parking knew, or should have known, that the City of Camden Police Department and its officers had violent propensities and that Central Parking had a duty, which it breached, to protect its patrons from harm caused thereby.

Cir. 1977); In re Midlantic Corp. Shareholder Litigation, 758 F.Supp. 226, 230 (D.N.J. 1990).  The question before the court on a 12(b)(6) motion is not whether a plaintiff will ultimately prevail but, rather, whether he can prove any set of facts in support of his claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration.  Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

The Third Circuit has noted, however, that "while our standard of review [of a motion under Rule 12(b)(6)] requires us to accept as true all factual allegations in the complaint, we need not accept as true unsupported conclusions and unwarranted inferences."  Maio v. Aetna, Inc., 221 F.3d 472, 485 (3d Cir. 2000) (internal citations omitted).

> Courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable.  We do draw on the allegations of the complaint, but in a realistic, rather than a slavish manner.

Id. (quoting City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998)).

4

**III. DISCUSSION**

    A.   <u>Negligent Failure to Protect</u>

New Jersey courts consider several factors in determining whether there exists a duty to exercise reasonable care to protect another from the risk of harm. "The determination of such a duty is generally considered 'a matter of law properly decided by the court.'" <u>Carvalho v. Toll Brothers and Developers</u>, 675 A.2d 209, 212 (N.J. 1996).

> The foreseeability of harm is a significant consideration in the determination of a duty to exercise reasonable care. The ability to foresee injury to a potential plaintiff does not in itself establish the existence of a duty, but it is a crucial element in determining whether imposition of a duty on an alleged tortfeasor is appropriate. Once the foreseeability of an injured party is established, . . . considerations of fairness and policy govern whether the imposition of a duty is warranted. The assessment of fairness and policy involves identifying, weighing, and balancing several factors – the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.

<u>Toll Brothers</u>, 675 A.2d at 212 (internal quotations omitted); <u>Goldberg v. Housing Authority of the City of Newark</u>, 186 A.2d 291, 293 (N.J. 1962). The question is not simply whether a criminal event is foreseeable, but whether a <u>duty</u> exists to take measures to guard against it." <u>Goldberg</u>, 186 A.2d at 293.

    Applying these factors, New Jersey Courts have held that "[b]usiness owners . . . have a duty to protect patrons . . . from foreseeable criminal acts of third parties occurring on

their premises." Clohesy v. Food Circus Supermarkets, 694 A.2d 1017, 1021 (N.J. 1997); Butler v. Acme Markets, Inc., 445 A.2d 1141, 1146 (N.J. 1982) (finding "a duty to take reasonable precautions to protect certain classes of victims from criminal attack"). In such cases, "foreseeability does not require the existence of prior similar criminal incidents, but depends instead on an evaluation of the totality of the circumstances." Kuehn v. Pub Zone, 835 A.2d 692, 698 (N.J. Super. Ct. 2003) (citing Clohesy, 694 A.2d at 1022-24). There is a "duty . . . to take reasonable precautions; that duty [is] no more vague than is the test of reasonableness throughout our law generally. In Nash v. United States, Justice Holmes noted that even in the field of criminal law a test comparable to reasonableness may be applied without infringing any principles of fairness or due process." Butler, 445 A.2d at 1145 (quoting Goldberg, 186 A.2d at 305 (Jacobs, J., dissenting) (internal citations omitted)).

Here, Plaintiffs assert that "at the very least implicitly, [they] are alleged to have been parking patrons of [D]efendant Central Parking." (Pls. Br. at 2.) As such, and in light of Central Parking's alleged actual or constructive knowledge of the violent propensities of Camden police officers, Plaintiffs argue, Central Parking Defendants owed "a duty to use reasonable care to avoid causing injury to the plaintiffs; a duty to use reasonable care to protect plaintiffs from injury while at the Tweeter

6

Center and its parking lots; and a duty properly to train and to supervise" its "agents" and "employees." (Second Am. Compl. at ¶ 91.) Even if Plaintiffs were, in fact, patrons of Central Parking on May 31, 2004, this argument is unpersuasive.

In the first instance, Plaintiffs have not sufficiently alleged the foreseeability of their injuries. It is worth repeating that the Third Circuit has held that "while our standard of review requires us to accept as true all factual allegations in the complaint, <u>we need not accept as true unsupported conclusions and unwarranted inferences.</u>" <u>Maio</u>, 221 F.3d at 485 (emphasis added). Here, Plaintiffs allege that <u>all</u> Camden police officers have violent propensities, without citing a single instance illustrating such conduct. Such a baseless assertion is insufficient even to withstand a Rule 12(b)(6) motion. <u>Id.</u>; <u>see</u> <u>Thomas v. IPC Int'l Corp.</u>, 2004 U.S. Dist. LEXIS 2451, *14 (E.D.Pa. 2004) (holding that defendant company did not have a duty to protect plaintiff from the conduct of the defendant officer and defendant police department in the absence of facts demonstrating that defendant company "knew or had reason to know that the conduct" of the defendant officer or the defendant police department "would likely be injurious to Plaintiff"); <u>see</u> <u>Gohar v. Albany Housing Authority</u>, 733 N.Y.S.2d 507, 510 (N.Y. App. Div. 2001) (declining to find a duty on the part of the defendant housing authority to protect plaintiff pest

7

control services provider from the acts of third parties where there was "no evidence in the record to support finding a 'special relationship' between defendant and the Albany Police Department 'so as to give rise to a duty by defendant to control' the actions of the police officers").

Finally, the Court is convinced that the public interest does not support imposing a duty on a private parking company to protect against harm caused by city police officers acting within the scope of their employment.  As Defendant argues, "[s]atisfaction of this factor would require that Central Parking System substitute its authority for the authority of the Camden Police Department.  To require so invites chaos."  (Reply Br. at 4.)  Of necessity, operators of businesses and private citizens must rely on the presumption that members of police departments act lawfully.  "To place on the business community the burden of policing the police and substituting their judgment for the professional judgment of law enforcement officers is unwarranted and dangerous."  (<u>Id.</u> at 5-6.)  This Court agrees.  Accordingly, the motion to dismiss will be granted.

8

**IV. CONCLUSION**

Plaintiffs have asked this Court to recognize a cause of action by individuals against private companies for their failure to protect against the allegedly unlawful behavior of city police officers. For the foregoing reasons, this Court will deny that request and grant the motion to dismiss.

The accompanying Order is entered.


June 20, 2005                    **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 U.S. District Court